IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. CCB-14-0412 |
| | : | |
| DANIEL ALEXANDER | : | |

...o0o...

## **MEMORANDUM**

Defendant Daniel Alexander seeks to withdraw the guilty plea he entered on October 27, 2015, to a charge of conspiracy to distribute and dispense oxycodone and alprazolam (Count One of the superseding indictment). His request to withdraw his plea, made during the course of his sentencing hearing on June 3, 2016, has been opposed by the government. Because he has shown no sufficient reason, his motion (ECF No. 334), will be denied.

As the government has outlined, Alexander does not prevail as to any of the six factors the Fourth Circuit has identified for consideration by a district court considering a motion to withdraw. *See U.S. v. Bowman*, 348 F.3d 408, 414 (4th Cir. 2003). Considering the comprehensive Rule 11 proceeding, at which Alexander was represented by competent counsel, there is no credible evidence the plea was not knowing or voluntary. He has offered no facts to support a credible claim of legal innocence. There was a significant delay of over seven months before Alexander gave the court any indication he sought to withdraw his plea, and there is no explanation for that delay. Finally, there would be a significant waste of judicial resources and prejudice to the government if there had to be, essentially, a retrial of the three-week case tried against William Crittenden in February 2016. Multiple witnesses would have to be brought in from across the country and medical professionals would have to interrupt their patient practices to testify, again, about the operation at Healthy Life.

Alexander in his motion offers nothing specific to address any of these factors, and does not proffer any specific testimony that would be grounds for withdrawal.  His concern about a 20-year sentence and the presumed difficulty of securing an expert witness do not support withdrawal of his plea. Accordingly, no evidentiary hearing is required.  *U.S. v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991).

Alexander's plea, however, was entered pursuant to Rule 11(c)(1)(C) binding the parties to recommend a sentence between 36 and 72 months.  In light of the sentences this court has imposed on co-defendants, including William Crittenden, I am not willing to accept that range.  While I am willing to commit to a sentence of no more than 36 months, I may find that something lower than 36 months is reasonable under 18 U.S.C. § 3553(a).  Accordingly, I believe the government has the right to set aside the plea agreement if it chooses to do so.  By **October 28, 2016**, the government should notify the court and Alexander's counsel if it chooses to proceed with sentencing on the understanding that the court may impose any reasonable sentence up to but not exceeding 36 months incarceration.[1]

A separate Order follows.

October 18, 2016  /S/
Date  Catherine C. Blake
United States District Judge

---

[1] The government would retain its right to appeal a sentence lower than 36 months as provided in the plea agreement.